GARRISON, Judge.
This is an appeal from the judgment of the district court providing as follows: “This matter came for trial on May 1, 1984 and was taken under advisement by the Court.
PRESENT: Robert H. Matthews, Attorney for plaintiff
Richard B. Nevils, Attorney for defendant, Audubon Park Commission for the City of New Orleans and Southeastern Fidelity Insurance Co.
Robert E. Jones, III, Attorney for defendant, The City of New Orleans A Kell Mclnnis, III, for the defendant, The State of Louisiana through the Department of Culture, Recreation and Tourism
Otis Brown, Sr., In Proper Person
WHEN, after considering the pleadings, law and evidence, and for the written reasons herein assigned:
IT IS ORDER, ADJUDGED AND DECREED that there be judgment in favor of defendants, Audubon Park Commission for the City of New Orleans, Southeastern Fidelity Insurance Company, the City of New Orleans, the State of Louisiana through the Department of Culture, Recreation, and Tourism, and Otis Brown, Sr., and against plaintiff, Paul B. Maxwell, each party to bear their own costs.
JUDGMENT, READ, RENDERED and SIGNED in open court this 18 day of MAY, 1984.”
The trial court provided written reasons for judgment, quoted in part below:
“This is an action arising from an incident which occurred on October 3, 1981 when plaintiff was riding his bicycle in Audubon Park. An unleashed dog ran in the path of plaintiffs bicycle, striking it, so as to cause plaintiff to be thrown from his bicycle onto the paved surface. As the testimony of Dr. Richard Levy indicated, plaintiff will have permanent neurological disability resulting from the accident, which includes losses to his senses of smell and taste, as well as impairment of his short-term memory and judgment. The fundamental nature of plaintiffs complaint against the Audubon Park Commission was its failure to enforce the leash law ordinance and its failure to alleviate a problem of roaming and stray dogs in the Park. The City of New Orleans remained a party defendant solely in its capacity as owner of the park. Otis Brown, Sr. was sued as the alleged owner of the dog which came into contact with plaintiffs bicycle.

Although the Court sympathizes with the severity of the plaintiffs injuries, the Court finds that plaintiff, with the exercise of due care could have prevented the accident. Plaintiffs own testimony showed that he was a frequent user of the park and had encountered unleashed dogs on prior occasions. His usual rate of speed while bicycling was approximately 18 m.p.h.; and on the day of the accident plaintiffs feet were restrained with toe clips. Plaintiff, himself admitted that if his feet had not been in the toe clips, he might have been able to avoid the accident ...” (Emphasis supplied).
We find that the sole cause of Mr. Maxwell’s accident was his own negligence.
Mr. Maxwell was not a casual,' leisurely cyclist. He trained for and participated in competitive cycling events. He used the Park facilities for his professional-type training even though he was well aware that the trails were also regularly used by small children and casual walkers. The use of a park by small children and casual walkers does not in and of itself constitute a dangerous condition.
*106 It appears to this court, as it did to the trial judge, that plaintiff himself, created the dangerous condition. Plaintiff admitted on the stand that if he had stopped his bike and gotten off when he encountered the pedestrians, Mr. Brown, his children and dog, the accident would have never occurred. Mr. Maxwell was in need of professional training facilities and was using the non-professional training, but rather casual recreation facilities in a manner in which they were not intended to be used. He created the dangerous condition by his improper use of the facilities. Mr. Maxwell was very lucky that this accident involved only a dog; it could just have easily been a small child under the wheels of his bicycle.
Plaintiff argues that comparative negligence should have applied in the instant case. If comparative would have applied, then we would have found plaintiff 100% negligent. We need not address that issue, however, because it would not change the results below and any error committed would be merely harmless error.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.